# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GINGER PACK LOPEZ, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ANDREW SAUL, ) | 1:18CV641 |
| Commissioner of Social Security,[1] ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

The Recommendation of the United States Magistrate Judge was filed with the Court in accordance with 28 U.S.C. § 636(b) and was served on the parties in this action on April 25, 2019. (Mem. Op. & Recommendation of the U.S. Magistrate Judge ("Recommendation") [Doc. #13]; Notice of Mailing Recommendation [Doc. #14].) The Magistrate Judge found that the Administrative Law Judge's ("ALJ") step five determination is supported by substantial evidence, to which Plaintiff Ginger Pack Lopez ("Lopez") timely objected. (Recommendation at 3-8; Obj. to the Recommended Ruling ("Lopez's Obj.") [Doc. #15].) The Magistrate Judge further found that the ALJ's findings concerning Lopez's mental residual functional capacity and subjective complaints were supported by

---

[1] At the time of filing, Nancy A. Berryhill was the Acting Commissioner of Social Security; however, in accordance with Federal Rule of Civil Procedure 25(d), Andrew Saul, who is presently Commissioner of Social Security, has been substituted. See Fed. R. Civ. P. 25(d).

substantial evidence, findings to which Lopez did not object. (Recommendation at 8-15; see generally Lopez's Obj.) The Court has appropriately reviewed the portions of the Magistrate Judge's Recommendation to which Lopez objected and has made a de novo determination in accordance with the Magistrate Judge's recommendation. For the reasons explained below, the Recommendation is ADOPTED.

At the hearing before the ALJ, a vocational expert ("VE") testified that Lopez could perform the following jobs from the Dictionary of Occupational Titles ("DOT") based on Lopez's residual functional capacity ("RFC"): "sedentary inspecting" (DOT 784.687-042), "sedentary packing" (DOT 715.784-026), and "sedentary charge account clerk" (DOT 205.367-014). (Administrative Record ("AR") at 97.) At step five of the sequential analysis, the ALJ relied on this testimony and found Lopez not disabled. (AR at 20-21.) Lopez argues that a conflict exists between the VE's testimony and the DOT. (Lopez's Obj. at 2.) She contends that the "ALJ failed to meet her affirmative duty to inquire on the record whether there was a conflict between the DOT and the vocational witness testimony," and because the ALJ failed to resolve the conflict, "the record is not fully developed." (Id.)

Lopez argues that DOT 784.687-042 and DOT 715.784-026 do not exist and charge account clerk is not classified as sedentary but instead as light work. (Lopez's Obj. at 3-7.) Lopez disagrees with the Magistrate Judge's application of Fisher v. Barnhart, 181 F. App'x 359, 367 (4th Cir. May 16, 2006) to resolve the

2

VE's providing non-existing and conflicting DOT codes. (See Recommendation at 5-6 (applying Fisher, 181 F. App'x at 367); Lopez's Obj. at 3).) She argues that the Magistrate Judge "engage[d] in fact finding" by "fill[ing] in the blanks," and that "any vocational witness at any time could provide an inconsistent or non-existent DOT code." (Lopez's Obj. at 3-5.) Lopez further argues that, unlike in Fisher, no "common sense correlation" exists between the job titles of "sedentary inspecting" and "Button Reclaimer", DOT 734.687-042, the job found by the Magistrate Judge (Id. at 4.)

Review of a Social Security determination requires an analysis of whether the ALJ's findings are supported by substantial evidence, "which is that which 'a reasonable mind might accept as adequate to support a conclusion.'" Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)). An ALJ uses a well-established five-step sequential analysis to determine if a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2015); see also Pearson, 810 F.3d at 207. Because Lopez does not object to the ALJ's findings for step one through four, the analysis focuses on step five.

As the Magistrate Judge explained,

> [t]o decide whether the Commissioner has met her fifth-step burden, the ALJ looks "primarily" to the DOT. Keller v. Berryhill, No. 17-2248, 2018 WL 6264813, at *2-3 (4th Cir. Nov. 29, 2018) (unreported); see also Pearson, [810 F.3d 204 at 207]. The ALJ may also, however, rely on VE opinion evidence – commonly provided by way of testimony at the ALJ hearing – "to address complex aspects of the employment determination, including the expert's observations

3

of what a particular job requires in practice or the availability of given positions in the national economy." See id. (internal quotations marks omitted).

(Recommendation at 4.)

The Magistrate Judge further explained that when "a VE's testimony that a claimant can perform a certain occupation conflict[s], or seem[s] to conflict, with the DOT's description of the physical or mental requirements for that occupation . . . the ALJ has the responsibility to identify and resolve any such conflict. Keller, No. 17-2248, 2018 WL 6264813, at *2, see also Social Security Ruling 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000) ["Ruling 00-4p"]." (Id.) To fulfill that responsibility, the ALJ must "obtain a reasonable explanation" from the VE about why the conflict exists and explain how the conflict was resolved. Pearson, 810 F.3d at 207-08.

As an initial matter, it is not clear if the VE's testimony about DOT 784.687-042, which does not exist, creates a conflict, as that term is used in Ruling 00-4p. The Fourth Circuit Court of Appeals has described this type of error as a "citation error" more akin to providing "erroneous job titles and codes" rather than "conflicts in occupational information." Fisher, 181 F. App'x at 366-367. In Fisher, the plaintiff argued that there was a conflict where neither the DOT codes provided by the VE nor the job "nursey worker" identified by the VE existed in the DOT; therefore, the ALJ was required to follow the directives of Ruling 00-4p. Id. at 366. To determine the applicability of Ruling 00-4p, the court reasoned:

> [a]s a primary matter, it is not clear that Social Security Ruling 00-4p even applies to citation errors of the sort involved in this case . . . .

4

> Textually . . . there are strong signals that the Ruling is irrelevant to the expert's mistake. The Ruling states that it governs "conflicts in occupational information," not erroneous job titles and codes. Moreover, the Ruling provides a clear remedy – i.e., reconciliation by reasonable explanation – that is meaningless when the testifying expert misremembers the proper [DOT] job title and code. An ALJ's decision or a [VE]'s testimony could hardly provide a reasonable explanation for citing to an erroneous [DOT] entry. Reasoning that an ambiguous ruling only applies where its remedy is not meaningless, we would be inclined to conclude that SS Ruling 00-4p is not even implicated by the [VE]'s mistake in Fisher's case.

Id. at 366-67. Even if Ruling 00-4p applied to the VE's testimony, the court explained:

> [w]e are convinced that the [VE]'s testimony in this case does not necessarily conflict with the [DOT]. As noted by the Commissioner and the district court below, a change of a single digit in each code in the [VE]'s testimony leads one to the entries for "domestic laundry worker" (DOT 302.685-101), requiring light strength and SVP 2, and for "flower picker" (DOT 405.687-010), requiring light strength and SVP 1. The substantive characteristics of these jobs, as related in the [DOT], are identical to the substantive characteristics of the jobs identified in the [VE]'s testimony. The job titles are substantively similar; they are practically synonyms. The job codes are simply off by a single digit.
>
> We conclude that the only reasonable interpretation of the entirety of the [VE]'s testimony is that he misremembered and, consequently, misspoke the job titles and codes in question. The [DOT] entries he meant to mention are not in conflict with his descriptions of them. Thus, although we are troubled that the ALJ thoughtlessly entered the [VE]'s errors into the final determination of Fisher's application, we find no reversible error under Fisher's own interpretation of Social Security Ruling 00-4p.

Id. at 367.

Fisher supports the Magistrate Judge's conclusion that the VE's testimony about "sedentary inspecting" does not conflict with the DOT and is, instead,

5

simply a citation error of the DOT code. Even if Ruling 00-4p applied, the VE's testimony does not conflict with the DOT. The relevant inquiry is whether "sedentary inspecting" identified by the VE shares substantive characteristics with jobs listed in the DOT. Upon consideration of Lopez's limitations, the VE opined that Lopez had the ability to perform "sedentary inspecting," DOT 784.687-042, at a sedentary level of exertion and a specific vocational preparation level of 2 ("SVP 2"). (AR at 97.)

The Magistrate Judge correctly determined that the VE provided a non-existent job title and a non-existent DOT code for "sedentary inspecting," likely intending to cite a DOT code for a sedentary inspection job with an SVP 2. (Recommendation at 5.) As in <u>Fisher</u>, the Magistrate Judge replaced one digit to arrive at DOT 7<u>3</u>4.687-042 for "Button Reclaimer," which the DOT occupational information describes as having a sedentary level of exertion, SVP 2, and a classification as a "production inspector[]." (Recommendation at 6.) This change of a single digit from 7<u>8</u>4.687-042, a non-existent DOT code provided by the VE, to 7<u>3</u>4.687-042, the DOT code for "Button Reclaimer," yields a job that shares substantive characteristics of a sedentary inspection job as identified by the VE. The Magistrate Judge correctly found that VE's citation error of the DOT code 7<u>8</u>4.687-042 was harmless error. (<u>Id</u>.)

Despite the VE's misstating a DOT code, an ALJ may rely on the VE's testimony, including the quantity of jobs available in the economy, to support the ALJ's step-five conclusion that a claimant is not disabled, because jobs exist that

6

the claimant is able to perform. See Guiton v. Colvin, 546 F. App'x 137, 142 (4th Cir. Nov. 7, 2013) (explaining that "if [the court] required a VE to produce job statistics specific to the Dot-coded occupations a claimant can perform, it is unlikely that [the ALJ] would ever succeed in satisfying the burden.") After accounting for Lopez's non-exertional limitations, the VE identified potential employment for Lopez with 175,000 available sedentary inspection jobs in the national economy. Because "Button Reclaimer" shares substantive characteristics with a sedentary inspection job, including a sedentary level of exertion, SVP 2, and the inclusion under the categorical title of "Production Inspectors," the ALJ properly relied upon the VE's testimony about the number of sedentary inspecting jobs available in the national economy, 175,000. See DOT 734.687-042 ("Button Reclaimer"); see generally DOT 83005A ("Production Inspectors"). Even if 175,000 is overinclusive, courts have held that fewer jobs could satisfy the Commissioner's burden. Guiton, 546 F. App'x at 142 (finding that "even assuming" that the 26,330 jobs in North Carolina and 825,000 jobs in the United States identified by the VE "were overinclusive, far smaller figures would still suffice"); see also Hicks v. Califano, 600 F.2d 1048, 1051 n.2 (4th Cir. 1979) (holding that 110 jobs is not "insignificant"); Cole v. Colvin, No. 1:13CV868, 2014 WL 4060145, at *4 (M.D.N.C. Aug. 14, 2014) (holding that 2,500 jobs is significant.)

Based upon the reasoning of Fisher, it is determined that the VE identified at least one job that Lopez can perform, and there are a sufficient number of jobs in

the national economy, and as such, Lopez is not disabled. Because there is at least one job – Button Reclaimer – that Lopez can perform, it is unnecessary to address her challenges as to "sedentary packing" and "charge account clerk". See Cole, 2014 WL 4060145, at *4 (holding that "the ALJ only needs to identify one job that [a claimant] can perform, given [the claimant's] RFC and vocational capabilities, that exists in the national economy in significant numbers.")

For the reasons explained in this Memorandum, the Recommendation of the United States Magistrate Judge [Doc. #13] is ADOPTED. IT IS HEREBY ORDERED that the Plaintiff's Motion for Judgment Reversing the Commissioner [Doc. #7] is DENIED, that the Commissioner's Motion for Judgment on the Pleadings [Doc. #10] is GRANTED, and that the final decision of the Commissioner is upheld.

This the 4th day of December, 2019.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge